Hyman, O. J.
Plaintiff instituted suit to recover from defendant the price that he paid to defendant for five bales of cotton, sold by defendant to him on the plantation of D. G. Kelbourno.
Judgment was rendered against defendant, and he has appealed.
A bill of exception was taken by defendant to the ruling of the Court, admitting the testimony of J. E. Hayden taken under commission.
The ground of objection to the admissibility of the testimony, was that Hayden was an interested witness.
Hayden’s testimony disclosed that he was the agent of plaintiff in buying the cotton from defendant; that defendant knew that ho was acting for plaintiff ; that ho was interested at the time of the purchase of the cotton, but that when he gave his evidence, he was not interested directly or indirectly in the result of this suit.
What his interest was we are left to conjecture; but it is not material what that interest was, since it had ceased, and without being interested he was a competent witness, and the Court properly ruled in admitting his testimony.
The agent taking a receipt in his own name for money expended, would not disqualify him as a witness for his principal.
And their objection was made to Hayden’s testimony, on the ground that his evidence is inadmissible under the pleadings, because of contradiction to the allegations of plaintiff’s pofcifcion.
The reply to this objection is, that we do not discover that any part of his evidence contradicts plaintiff’s allegations.
There is no evidence that defendant had not the cotton on Kelburne’s plantation, neither is there proof that defendant has been put in default for the delivery of the cotton, and default is a prerequisite to the right of plaintiff to recover the price paid by him.
Until plaintiff seeks to annul the contract for non-compliance of defendant with the contract, on being put in default, we cannot restore to him the price. See 9 Robinson’s Reports 52; 2 An. Rep. 392; Civil Code, 190C.
It is decreed, that the judgment in this case be reversed, and that there be judgment against the plaintiff and in favor of the defendant, as in case of nonsuit, with costs in both courts.